**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **MARY TOLMAN** | § | |
| *Plaintiff* | § | |
| | § | |
| | § | |
| **VS.** | § | **Civil Action No. _____** |
| | § | |
| **BROWNSVILLE INDEPENDENT** | § | |
| **SCHOOL DISTRICT, DR. JESUS** | § | |
| **CHAVEZ, DR. RENE GUTIERREZ,** | § | |
| **DR. NEREIDA CANTU, EDDIE** | § | |
| **GARCIA, JESSICA GONZALEZ,** | § | |
| **DANIELA LOPEZ VALDEZ, DENISE** | § | |
| **GARZA, DRUE BROWN,** | § | |
| **PRISCI ROCA TIPTON, CARLOS** | § | |
| **ELIZONDO, FRANK ORTIZ** | § | |
| *Defendants* | § | |

---

**PLAINTIFF'S ORIGINAL PETITION**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **COMES NOW, MARY TOLMAN, Plaintiff,** and file this, her Original Petition, and in support thereof, would show the Court more fully as follows:

**I.**
**DISCOVERY LEVEL**

    Plaintiff pleads that discovery should be conducted in accordance with a discovery control plan under Civil Procedure Rule 190.3, Level 3.

**II.**
**PARTIES AND SERVICE OF CITATION**

1.    **Plaintiff** is a Texas resident and can be reached for service of process by and through their undersigned counsel of record.

2.      **Defendant, BROWNSVILLE INDEPENDENT SCHOOL DISTRICT**, is a Texas school district located in Cameron County, Texas.  This Defendant may be served with citation by serving its Superintendent of Schools, Dr. Jesus H. Chavez, who can be found at the Brownsville Independent School District Administration Building, located at 1900 Price Road, Brownsville, Texas, 78521.  *Citation is hereby requested as to this Defendant*.

3.      **Defendant, DR. JESUS CHAVEZ**, is the Superintendent of Defendant, Brownsville Independent School District.  This Defendant may be served with citation at the Brownsville Independent School District Administration Building, located at 1900 Price Road, Brownsville, Texas, 78521.  *Citation is hereby requested as to this Defendant*.

4.      **Defendant, DR. RENE GUTIERREZ**, is the former Superintendent of Defendant, Brownsville Independent School District.  This Defendant may be served with citation at the McAllen Independent School District Administration Building, located at 2000 N. 23rd St., McAllen, Texas, 78501.  *Citation is hereby requested as to this Defendant*.

5.      **Defendant, DR. NEREIDA CANTU**, is the Chief Operations Officer of Defendant, Brownsville Independent School District.  This Defendant may be served with citation at the Brownsville Independent School District Administration Building, located at 1900 Price Road, Brownsville, Texas, 78521.  *Citation is hereby requested as to this Defendant*.

6.      **Defendant, EDDIE GARCIA**, is a Member of the Board of Trustees for Defendant, Brownsville Independent School District.  This Defendant may be served with citation at the Brownsville Independent School District Administration Building, located at 1900 Price Road, Brownsville, Texas, 78521.  *Citation is hereby requested as to this Defendant*.

7.      **Defendant, JESSICA GONZALEZ**, is a Member of the Board of Trustees for Defendant, Brownsville Independent School District.  This Defendant may be served with citation at the

Brownsville Independent School District Administration Building, located at 1900 Price Road, Brownsville, Texas, 78521. *Citation is hereby requested as to this Defendant*.

8.    **Defendant, DANIELA LOPEZ VALDEZ**, is a Member of the Board of Trustees for Defendant, Brownsville Independent School District. This Defendant may be served with citation at the Brownsville Independent School District Administration Building, located at 1900 Price Road, Brownsville, Texas, 78521. *Citation is hereby requested as to this Defendant*.

9.    **Defendant, DENISE GARZA**, is a Member of the Board of Trustees for Defendant, Brownsville Independent School District. This Defendant may be served with citation at the Brownsville Independent School District Administration Building, located at 1900 Price Road, Brownsville, Texas, 78521. *Citation is hereby requested as to this Defendant*.

10.    **Defendant, DRUE BROWN**, was a Member of the Board of Trustees for Defendant, Brownsville Independent School District, during the operative time periods made the subject of this lawsuit. This Defendant may be served with citation at the Brownsville Independent School District Administration Building, located at 1900 Price Road, Brownsville, Texas, 78521. *Citation is hereby requested as to this Defendant*.

11.    **Defendant, PRISCI ROCA TIPTON**, was a Member of the Board of Trustees for Defendant, Brownsville Independent School District. This Defendant may be served with citation at her place of employment at Texas Southmost College, located at 80 Ft. Brown St., Brownsville, Texas, 78520. *Citation is hereby requested as to this Defendant*.

12.    **Defendant, CARLOS ELIZONDO**, is a Member of the Board of Trustees for Defendant, Brownsville Independent School District. This Defendant may be served with citation at the Brownsville Independent School District Administration Building, located at 1900 Price Road, Brownsville, Texas, 78521. *Citation is hereby requested as to this Defendant*.

13.     **Defendant, FRANK ORTIZ**, is a Member of the Board of Trustees for Defendant, Brownsville Independent School District.  This Defendant may be served with citation at the Brownsville Independent School District Administration Building, located at 1900 Price Road, Brownsville, Texas, 78521.  *Citation is hereby requested as to this Defendant*.

### III.
### JURISDICTION AND VENUE

14.     This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1334 and all other applicable laws.   This Court has original jurisdiction pursuant to 41 USCA § 4712 because the underlying actions, as set forth below, concern reprisals by a federal contractor against Plaintiff for disclosure of information.  Moreover, the amount in controversy exceeds the value of $75,000.

15.     This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because said claims arise from the same case or controversy as Plaintiff's §1983 claims, which is within this Court's original jurisdiction under Article III of the United States Constitution.

16.     Venue is proper pursuant to 28 USCA § 1391(b)(2) because a substantial part of the actions and/or omissions giving rise to this claim occurred in Cameron County, Texas.

17.     Pursuant to Texas Rule 47, Plaintiffs seek monetary relief over $1,000,000, excluding interest, statutory punitive damages and penalties, and attorney's fees and costs.

### IV.
### FACTS

18.     It is undisputed that **Defendant, BROWNSVILLE INDEPENDENT SCHOOL DISTRICT (hereinafter, "BISD"),** located in Brownsville, Texas, receives local, state, and federal financial assistance as part of the administration of its official duties, which includes providing academic and educational services for students residing in its district.

19.    **Plaintiff, MARY TOLMAN** was, up until being constructively discharged in June 2023, employed by **Defendant, BROWNSVILLE INDEPENDENT SCHOOL DISTRICT (hereinafter, "BISD"),** located in Brownsville, Texas.  Plaintiff is a single female mother, aged 55, of Mexican-American descent. Plaintiff holds a Superintendent five (5) year Certificate (EC-12), Mid-Management Administrator certificate (PK-12, Lifetime), and Chapter 21- Teacher certificate (Lifetime), Term employment contract, as per Texas Education Code Chapter 21, Subchapter E. Education Code 21.002(a).  Prior to the continuous and unrelenting discriminatory actions – and patterns of prohibited employee conduct and adverse employment actions – suffered by her at the hands of, **Defendant, BISD, and its agents, employees and representatives**, she was a highly qualified educator who had perennially received outstanding performance reviews.

20.    **Defendant, BISD, through its agents, employees and representatives,** intentionally misappropriated federal funds, in direct contravention of the United States Government's stated purposes for providing all children significant opportunity to receive a fair, equitable, and high-quality education to close the educational gap, by and through the Every Student Succeed Act (hereinafter, "ESSA Fund").  Pursuant to the ESSA Fund, state educational agencies, such as the Texas Educational Agency (hereinafter, "TEA"), were to distribute funds to local school districts, such as **Defendant, BISD,** which includes but is not limited to Title I, Part A, Title I, Part C, Title II, Part A, and Title IV Part A, to address, overcome, and ameliorate the educational challenges facing economically disadvantaged students. Pursuant to federal regulations, ESSA Funds are to be meticulously monitored and accounted for to ensure that the funds were expended pursuant to their specific "use" in which the allocation was awarded.  During the course of her duties as the Special Programs Director with **Defendant, BISD, Plaintiff** was tasked with (a) "assisting" the oversight of the District's administration and use of the ESSA Funds provided by TEA; (b)

overseeing implementation of said funds to maintain effective internal control over the federal award that provides reasonable assurance that the district is managing the award in compliance with federal statutes, regulations, and the terms and conditions of the award; and (c) take prompt action when required when noncompliance with federal and/or state guidelines are identified, including any noncompliance which may be identified in audit findings.

21.    During the course and scope of her employment coordinating the allocation of the ESSA Funds, ESSER I-PNP, and State Compensatory funds, and due to her twelve (12) years of work and training and learned expertise in the matter, Plaintiff discovered numerous improprieties and inconsistencies in how the funds were being unlawfully allocated by **Defendant, BISD. Defendant, BISD's** policies and procedures regarding the reporting of any suspected financial fraud and/or mismanagement set forth the circumstances by which the reporting of these issues are to be handled, include, but are not limited to the following:

> ***Public Interest:*** *BISD ISD Policy, CBB(LEGAL)-PA, DATE ISSUED: 5/16/2023 2 of 16, UPDATE 121: a District is responsible for complying with all requirements of the federal award. 2 C.F.R. 200.300(b), Comply with the U.S. Constitution, federal statutes, regulations, and the terms and conditions of the award; Take prompt action when instances of noncompliance are identified including noncompliance identified in audit findings; A district must disclose, in a timely manner, in writing to the federal awarding agency or pass-through entity all violations of federal criminal law involving fraud, bribery, or gratuity violations potentially affecting the federal award. Failure to make required disclosures can result in any of the remedies described in 2 C.F.R. 200.339 (Remedies for Noncompliance). 2 C.F.R. 200.113.*
>
> ***Good faith/Public Interest, Duty of Care****: BISD ISD Policy, CAA(Local)-A, Updated 111, Date Issued: 7/10/2018, Federal Awards Disclosure, The District shall disclose, in a timely manner in writing to the federal awarding agency or pass-through entity, all violations of federal criminal law involving fraud, bribery, or gratuity violations potentially affecting a federal grant award.* ***Reports:*** *Any person who suspects fraud or financial impropriety in the District shall report the suspicions immediately to a person* ***with authority to investigate the suspicions****, including any supervisor, the* ***Superintendent*** *or designee,* ***the Board President****, or* ***local law enforcement****. Reports of suspected fraud or financial impropriety shall be treated as confidential to the extent permitted by law. Limited disclosure may be*

*necessary to complete a full investigation or to comply with law. All employees involved in an investigation shall be advised to keep information about the investigation confidential. Protection from Retaliation Neither the Board nor any District employee shall unlawfully retaliate against a person who in good faith reports perceived fraud or financial impropriety.*

**BISD Duty of Care:** *See, BISD Policy, Brownsville ISD, CAA(LOCAL)-A, Update 111, date issued: 7/10/2018: Response: If an investigation substantiates a report of fraud or financial impropriety, the Superintendent or designee shall promptly inform the Board of the report, the investigation, and any responsive action taken or recommended by the administration. If an employee is found to have committed fraud or financial impropriety, the Superintendent or designee shall take or recommend appropriate disciplinary action, which may include termination of employment.*

**Good faith,** *BISD -Fiscal Management Goals and Objectives CAA, Financial ETHICS (LOCAL), pgs.1-2, Any person who suspects fraud or financial impropriety in the District shall report the suspicions immediately to a person with authority to investigate the suspicions, including any supervisor, the Superintendent or designee, the Board President, or local law enforcement. Reports of suspected fraud or financial impropriety shall be treated as confidential to the extent permitted by law.*

**BISD DUTY OF CARE,** *See, BISD Policy, Employee Welfare, Freedom from* **Discrimination, Harassment** *and* **Retaliation.** *DIA (LOCAL), Notice of Report: Any District supervisor who receives a report of prohibited conduct shall immediately notes the appropriate District official listed above and take any other steps required by this policy. Upon receipt or notice of a report, the District official shall determine whether the allegations, if proved, would constitute prohibited conduct as defined by this policy. Initial Assessment: If so, the District shall immediately authorize or undertake an investigation, regardless of whether a criminal or regulatory investigation regarding the same or similar allegations is pending.*

**BISD DUTY OF CARE,** *See, District Investigation: The investigation may be conducted by the District official or a designee, such as the campus principal, or by a third party designated by the District, such as an attorney. When appropriate, the principal or supervisor shall be involved in or informed of the investigation. The investigation may consist of personal interviews with the person making the report, the person against whom the report is filed, and others with knowledge of the circumstances surrounding the allegations. The investigation may also include analysis q/ other information or documents related to the allegations.*

**BISD DUTY OF CARE,** *See, BISD Policy, Employee Welfare, Freedom from Discrimination, Harassment and Retaliation. DIA (LOCAL), Concluding the Investigating: Absent extenuating circumstances, the investigation should be*

*Investigation completed within ten District business days from the date of the report; however, the investigator shall take additional time if necessary to complete a thorough investigation. The investigator shall prepare a written report of the investigation. The report shall be filed with the District official overseeing the investigation.*

22.     The ongoing pattern of harassment, retaliation and/or discrimination against Plaintiff occurred on or about March 24, 2021.  While in the course and scope of her employment, and in the normal course and scope of her duties, Plaintiff observed several suspicious inappropriate uses of federal grant monies.  Pursuant to standing the standing policies of **Defendant, BISD,** Plaintiff reported said discrepancies to Administration, copying her direct supervisor.  In a short period after said report was made, Defendant requested that the Payroll Department review her absence-of-duty reports, and verify all absences taken by her.  This was done despite her direct supervisor being aware, and approving of, any and all absences being taken by her.  The request for this information came on the heels of her reporting the misappropriated use of federal funds via email which was done due to plaintiff 's training, experience. This was not a mere coincidence; rather, it was the first of many cumulative reprisal steps taken against Plaintiff in an attempt to silence her.

23.     On or about June 16, 2021, Plaintiff, pursuant to her training, experience and legal obligations, reported numerous financial disparities and misappropriations directly to Dr. Rene Gutierrez, Superintendent of Schools for **Defendant, BISD**.  This was done so that the District itself could investigate, and, if need be, regulate said activity.  However, no regulatory action was taken by Dr. Gutierrez, on behalf of **Defendant, BISD,** following Plaintiff's reporting.  Instead, within a week's time, her access to the TalentED computer program was revoked.  Plaintiff used TalentED to conduct her compliance work as part of her normal job duties, but, with her access revoked, **Defendant, BISD,** by and through its employees, agents and/or representatives, sought

to ensure that Plaintiff could not complete her assigned job duties.  It was later discovered by Plaintiff that, at this time, Defendant falsely opened teacher vacancies – but did not hire teachers – all in an attempt to conceal the improper use of the federal funds.

24.    Thereafter, on June 30, 2021, Plaintiff was repeatedly harassed and intimidated by **Defendant, BISD** Administrators to improperly switch the designation of personnel to federal Title, Part A, funds, despite their lack of qualifications for being so designated.  At issue was the lack of documentation which would substantiate and justify the switch in position classifications. The pressure placed upon Plaintiff to make such a change was significant, and resulted in her filing an administrative grievance.  The ultimate outcome of Plaintiff invoking the administrative grievance process was a succession of retaliatory denials, an ongoing denial of her due process and civil rights by **Defendant, BISD**.

25.    The dispute regarding the classification continued throughout the Summer of 2021, culminating with the first of several administrative grievance hearings beginning on September 9, 2021 and ending on May 7, 2024.  Prior to hearing held in September of 2021, Plaintiff continued to request those personnel reports needed to complete her duties in order to meet Defendant's Internal Control requirements. Defendant concealed information from Plaintiff, which required her to submit a Public Information Request for the documents to complete her job duties.  Rather than acquiesce to her request, Plaintiff was ridiculed and labelled as "stubborn" during the grievance hearing by BISD's then Human Resources Director, Carmelita Rodriguez.  Moreover, the District denied having retaliated against Plaintiff – despite the enormous pressure being placed on her – given that no adverse employment action was taken against her.  A Level I grievance was filed reporting this misconduct and overall unfair and illegal treatment by **Defendants**.  The Level I grievance was summarily denied by **Defendant, BISD**, although she was promised by the

District's hearing administrator that she would not be subjected to **any** form of retaliation as a result of her invoking the grievance process.

26.    In continuing to follow the policies and procedures for reporting potential misappropriation of finances, on or about October 8, 2021, Plaintiff made a report to the TEA.  The extent of the potential misappropriation of funds at that time totaled over several hundred thousand dollars.  Plaintiff further reached out directly to then-BISD Board President, Eddie Garcia, advising him of the financial misappropriation and retaliation she endured as a result of bringing said discrepancies to light.  On October 21, 2021, the exact day that her Level II Grievance was denied, Plaintiff was provided a Letter of Reprimand by **Defendant, BISD**, claiming that she failed to cooperate with an internal audit in withholding documents to BISD's investigation of the misapplied federal funds.  The basis for this reprimand was patently false, as Plaintiff did, in fact, telephonically meet with the auditor on the prior weekday before issuing her a written reprimand.  More importantly, and in direct contravention of the factual recitation contained within the Letter of Reprimand, Plaintiff searched for, and delivered via email, the requested information to the auditor in week prior.  **Defendant, BISD,** further unjustly threatened Plaintiff with possible discipline and employment by and through this delivered Letter of Reprimand.

27.    Upon receiving the Letter of Reprimand on October 21, 2021, Plaintiff supplemented her original filing to TEA with a report, specifically identifying the blatant retaliation being effectuated upon her by **Defendant, BISD**, for advising of the financial misappropriations uncovered by her.  A copy of that report was also forwarded to **Defendant, BISD**, its Trustees and Administrators, including the various Defendants named herein.  The following day, Plaintiff was summoned to a meeting by BISD Administrators, which also included the District's Federal Program Director, Mary Lou Esparza, Arturo Gracia, Dr. Donna Marhoun, Carla Balderas, Dr. Timothy Cuff, and

Lead Internal Auditor, Marco Porras. During this meeting, Plaintiff once again advised all in attendance of the improprieties surrounding the use and distribution of federal grant and state compensatory monies. It was acknowledged by the participants during this meeting that Plaintiff's complaints were meritorious, and necessitated further investigation.

28.    Despite **Defendant, BISD,** being on notice of potential ongoing improper activities with federal funds, no substantive changes were made to rectify the situation. Rather, **Defendant, BISD**, by and through its employees, agents, representatives and/or administrators, doubled-down on their misappropriation of federal funds. On or about March 24, 2022, following Plaintiff's disclosure of concerns with how the federal funds were being administered, Plaintiff began receiving reports from within the District of improper changes to job titles and duties, in an improper attempt to once again access federal funding. All of the changes – which included, but were not limited to, the deletion of various job titles – were done without Plaintiff's knowledge or consent. Upon reporting to her supervisors of the latest batch of discrepancies, Plaintiff was excluded from any meetings held to address the discrepancies. On or about March 31, 2022, Plaintiff found that not only did her warning go unheeded, but the improper activities continued. Plaintiff uncovered someone within the Administration was overriding accessibility rights to various employee accounts, and, more importantly, began approving these job classification changes without her knowledge or consent. Doing so severely impacted her ability to keep the District's federal funds in compliance with federal law, and interfered with the performance of her financial internal control responsibilities. Nonetheless, Plaintiff was excluded from performing a significant portion of her job, given her disclosure of potentially improper and illegal activity.

29.    Thereafter, through the Spring of 2022, **Defendant, BISD**, by and through their administrators, employees, agents and representatives, engaged in a conscious pattern of conduct

to ensure that Plaintiff's working conditions were materially and adversely altered, solely for the purpose of impacting her work performance and ability to meet her job duties and obligations. Specifically, despite repeated requests, BISD's Human Resources Department failed to provide Plaintiff with all relevant information required for her to process those staff members being paid under the Federal grant funds managed by her. The conscious withholding of this information prevented Plaintiff from completing her assigned job duties, and was done intentionally, with the express purpose of seeing her fail. Said actions on the part of the Defendants were intimidatory and retaliatory in nature, and done solely to build a false claim that Plaintiff's job performance was deficient, and, ultimately, to justify any adverse employment action taken against her.

30.     On June 22, 2022, Plaintiff's worst fears were realized, and the adverse employment action she feared was being concocted finally came to pass. On that date, Plaintiff was summoned into the office of District Deputy Superintendent, Dr. Nereida Cantu, where she was met by Dr. Cantu and BISD Staff Attorney, Miguel Salinas. During this meeting, Plaintiff was informed that her expertise was needed and there was a vacancy in the coordinator position. She was informed that with the budget situation, they were consolidating positions, and because of a vacancy, Defendant needed Plaintiff's expertise in another position in that area and is being reassigned to a coordinator position in the Migrant Education Department. Defendant issued an administrative employment action ordering Plaintiff into the lower-status employment position as a coordinator. Defendant stated the reassignment was not to affect her current annual compensation for the 2022-23 school year, but that her compensation would be decreased, in accordance with her demotion, for the 2023-2024 school year. In direct contravention of the factual recitation contained within the adverse personnel action, Plaintiff also lost the ability to earn stipend pay she would have earned if not constructively reassigned to a lower authority position and duties where the compensation

could not be earned. Said employment decision was made without justification or Plaintiff's knowledge and effectively amounted to a constructive discharge, as Plaintiff's employment conditions were being altered in such a way that she would have no choice but to resign.

31.     There was no legitimate factual or legal basis for this demotion. Plaintiff's competitive position was given to a younger male employee, with fewer qualifications. Defendant had a record-high budgetary surplus of approximately at that time. There was also an existing full-time Title I, Part C, migrant coordinator, which negates the statement made by Dr. Cantu that there was a vacancy. The decision to demote Plaintiff was retaliatory in nature for reporting the misappropriation of federal funds, and was approved by then-superintendent, Dr. Rene Gutierrez. It was ultimately disclosed to Plaintiff in May 2023, by Eduardo Arroyo, Human Resources Compensation Manager for BISD, that the practical effect of her demotion was a loss in annual salary of nearly $22,000 annually.

32.     Plaintiff's working conditions and environment were abusively altered in such a continuing intolerable manner, that she would have no choice but to resign. On or about July 11, 2022, Plaintiff was reassigned to a dirty, stale-smelling office, with termites, dead roaches, rodents, and their feces on the floor, desk, and drawers, and rodents skeletal remains and fluid stains were found in her office air-conditioning unit. Defendant picked up the rodents but did not clean or sanitize Plaintiff's office surfaces until 10 days later. Plaintiff remained working in the foul-smelling office for over 7 months until Defendant reluctantly removed and replaced the soiled, contaminated carpet after Plaintiff's complaints to the BISD Safety Coordinator.

33.     Undeterred, Plaintiff continued to fight for what she knew was right. On July 13, 2022, Plaintiff filed a Level II Grievance protesting her demotion/"constructive discharge". Moreover, on July 18, 2022, Plaintiff continued to alert all necessary authorities of the fiscal malfeasance and

misappropriation of federal funds being perpetrated at the District. On that day, Plaintiff had a two-hour meeting with BISD Auditors regarding her whistleblower complaints. She further informed the auditors of the retaliatory employment actions being made by the District.

34.    Despite having several pending grievances filed by Plaintiff pending, **Defendant, BISD,** redoubled its retaliatory and discriminatory actions against Plaintiff throughout the Fall of 2022. For example, on October 2, 2022, Plaintiff was excluded from attending necessary administration policy meetings which directly impacted her new position. More importantly, on October 3, 2022, Plaintiff was given a late employment evaluation – well outside the rating period for the 2021-22 school year, and in direct violation of stated District policies. Said evaluation was markedly worse than any such evaluation Plaintiff had received during her tenure as Director of Special Programs with **Defendant, BISD.** On October 25, 2022, the proposed budget for the Migrant Education program – prepared by Plaintiff as part of her new position – was summarily rejected by the District's Chief Financial Officer without explanation. Said rejection was a marked departure by the District, as it was common practice for a written explanation to accompany any such denial or rejection. Tellingly, on November 1, 2022, Plaintiff was served with a *Letter of Concern* by **Defendant, BISD**, accusing Plaintiff of, in part, making false allegations to various employees within the District. These alleged "false allegations" were Plaintiff's disclosing of the financial irregularities and misappropriation uncovered by her. The disclosures of irregularities and misappropriations were termed as "false statements" by **Defendant, BISD,** and, formed the basis of the *Letter of Concern.* As a whistleblower, Plaintiff was, and still is, afforded legal protections for identifying what she believed to be serious issues within the District. Rather than address Plaintiff's concerns, **Defendant, BISD** violated her constitutionally protected rights and took

punitive action in an attempt silence her.  Within two (2) weeks of receiving her letter of concern, Plaintiff filed an administrative grievance objecting to same.

35.    On May 3, 2023, Plaintiff was notified by Arroyo, on behalf of **Defendant, BISD,** that the practical financial aspect of her demotion was the nearly $22,000 decrease in annual salary, set to take effect with the 2023-24 school year.   On May 26, 2023, Plaintiff received the "below expectation" job performance review before completing her first year in her demoted position. The low performance job review included numerous false allegations, including those claiming Plaintiff failed to submit "***any***" reports to her supervisor over the course over the school year. Again, it is clear that Plaintiff's job evaluation for the 2022-23 school year – with her upcoming change in salary – was retaliatory in nature, and done solely for the purposes of engineering her resignation from the District. During a Level Two grievance hearing on August 1, 2022, District Staff Attorney Miguel Salinas, on behalf of **Defendant, BISD,** made a retaliatory statement that Plaintiff's Whistleblower reports were made in bad faith, completely disregarding the legitimate reporting of financial misappropriations by Plaintiff.

36.    Plaintiff took advantage of the preventive and corrective opportunities provided by Defendant to stop Defendant's harm from occurring. Defendant ignored Plaintiff's entreaties for help and failed to adhere to its own internal policies, as well as applicable state and federal laws, to prevent and promptly correct the abusive behavior. Plaintiff suffered the following punitive and retaliatory actions, including, but not limited to demotion, discrimination, harassment, change to employment status, change in the compensation plan and earning opportunities, unhealthy working conditions, inappropriate remarks, increased surveillance, intimidation, insults, humiliation,  put-downs, unjust discipline, letter of reprimands, personnel threats, interference with work conditions

and performance, supervisors' retaliatory and dishonest acts, false grievance responses, deterrence of the grievance and whistle-blower complaint processes.

37.     Ultimately, **Defendant, BISD**, was successful in their endeavors.  Faced with unreasonable scrutiny, unrelenting pressure due to incessant retaliation, and, ultimately, the financial realities that come with a $22,000 annual pay decrease, Plaintiff had no choice but to resign from **Defendant, BISD**,  On June 29, 2023, Plaintiff resigned under duress.

**V.**
**CAUSES OF ACTION**

**A. VIOLATION OF THE FEDERAL WHISTLEBLOWERS PROTECTION ACT**

38.     The preceding paragraphs are incorporated herein as if set forth fully below.

39.     As is evident throughout this Original Petition, the District's collective actions violate the relevant portions of Title 41, United States Code, Section 4172.  As the manager of the ESSER funds granted to Defendant during the COVID19 Pandemic, **BISD** was a federal subcontractor and/or grantee, as those terms are defined by the relevant statute.  Given her disclosures under the FWPA, Plaintiff is afforded all protections under the law.

40.     Plaintiff is a public employee who made a good faith report that another public employee, in this case, BISD employees, administrators and Board Members, violated the law.  Given her voluntary and continued disclosures both within the District and to TEA about the misuse, or attempted misuse, of the ESSA and state funds, Plaintiff was placed under "increased" its scrutiny by Defendant, and admittedly held to a more stringent standard than other employees.  The sum effect of this increased scrutiny was to apply significant pressure upon Plaintiff to leave her job.  Ultimately, Defendant demoted Plaintiff, and created a disincentive for Plaintiff to continue her employment with Defendant for the 2022-2023

school year and beyond, effectively seeking to constructively discharge her, as that term is defined by law.

**B.    VIOLATION OF THE TEXAS WHISTLEBLOWERS ACT**

41.    The preceding paragraphs are incorporated herein as if set forth fully below.

42.    As is evident throughout this Original Petition, the District's collective actions violate the relevant portions of Chapter 554 of the Texas Government Code, and specifically, section 554.002(a).

43.    Plaintiff is a public employee who made a good faith report that another public employee, in this case, BISD employees, administrators and even Board Members, violated the law.  Given her voluntary and continued disclosures both within the District and to TEA about the misuse, or attempted misuse, of the ESSER funds, Plaintiff was placed under "increased" its scrutiny by Defendant, and admittedly held to a more stringent standard than other employees.  The sum effect of this increased scrutiny was to apply significant pressure upon Plaintiff to leave her job.  Ultimately, Defendant demoted Plaintiff, and created a disincentive for Plaintiff to continue her employment with Defendant for the 2022-2023 school year and beyond, effectively seeking to constructively discharge her, as that term is defined by law.

**C.    VIOLATIONS OF THE TEXAS LABOR CODE**

44.    The preceding paragraphs are incorporated herein as if set forth fully below.

45.    As noted throughout this First Amended Original Petition, the District's collective actions violate the relevant portions of Chapter 21 of the Texas Labor Code, and specifically, section 21.051.

46.    Plaintiff is a protected individual over the age of 40.  The actions taken by Defendant, and the employment decision made as a result thereof, were done solely on the basis of Plaintiffs' age, and had no other reasonable factor other than age.  Said employment decisions failed to account for her years of experience, education, training or relationships within the district.  In its actions the District sought to ensure that any and all adverse employment actions were taken against Plaintiff in order to ensure that she would be terminated, or, in the alternative, forced to resign her position.

**D.    §1983 CLAIM**

47.    Plaintiff hereby incorporates by reference all the foregoing as if fully set forth herein.

48.    Plaintiff had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience.

49.    Plaintiff, as an employed contractor of Defendant, was injured as a result of the acts, errors and/or omissions of Defendant, and the collective acts, policies, procedures and customs of Defendant, by and through their employees and principal officers.

50.    Plaintiff was denied equal protection and treatment under the law when she was targeted and retaliated against by Defendant, its agents, employees and/or representatives, for identifying and disclosing financial irregularities and misappropriations under a federal grant program.  Upon making these disclosures, Plaintiff was repeatedly subjected to adverse employment actions taken by **Defendant, BISD,** which culminated in her resignation under duress from her employment with the District.  Said actions by Defendant, BISD, were intentional and premeditated.

51.    Defendant, offers no cognizable or justifiable reason as to why said were taken against Plaintiff.  Any other such individual employed by the Defendant identifying the same or similar irregularities and misappropriations would not, or should not, have been subjected to such discriminatory and retaliatory behavior.  That Plaintiff was treated in the manner that she was, given her disclosures, underscores the disparate treatment being imposed upon her when compared to other similarly situated individuals.  It can only be concluded that the disparate treatment of Plaintiff is done by and through the official policies of the District, and in particularly, its Superintendent at the time, Dr. Rene Gutierrez, current Superintendent, and current board members, all of whom are listed as Defendants herein.

E.    §1983 *MONELL CLAIM* – FAILURE TO SUPERVISE

52.    Plaintiff hereby incorporates by reference all the foregoing as if fully set forth herein.

53.    Prior to all times relevant in this suit, **Defendant, BISD**, had in effect policies, practices, or customs that perpetuated and fostered the unconstitutional conduct of its agents, supervisors and employees, and in particular, those administrators who undertook the retaliatory and adverse employment decisions against Plaintiff.

54.    Prior to the relevant dates in this suit, **Defendant, BISD**, failed to properly supervise its agents, employees and officers, including but not limited to those administrators who undertook the retaliatory and adverse employment decisions against Plaintiff, regarding their ability to properly address whistleblower claims, and failure to undertake retaliatory and discriminatory employment actions.   Even if such policies did, in fact, exist, Defendant failed to ensure that those administrators, employees or supervisors of Plaintiff adhered to and followed those necessary policies and procedures.

55.     As evidenced by the subject incident made the basis of this lawsuit, however, the Defendant either had no policies, practices or customs to ensure that their whistleblower training was followed, or, rather, failed to implement and adhere to those policies, practices and/or customs. Either way, given Defendant's failure to adhere to its proper polices and procedures, Plaintiff sustained significant damages.

56.     Defendant knew or should have known that their failure to ensure that these policies were adhered to was likely to cause constitutional injuries to its employees, and, ultimately did so, given the damages and abuse sustained by Plaintiff.

57.     As such, Defendant was deliberately indifferent and reckless with respect to the obvious consequences of its failure to supervise its administrators, employees, representatives or agents adequately, including the potential violations of constitutional rights of the public, such as Plaintiff.

58.     The failure to supervise constituted an official policy of the Defendant.

59.     The aforementioned policies were the moving force behind the actions of these administrators, employees, representatives or agents, resulting in Plaintiff's damages.

60.     As a further direct and proximate result of the acts and omissions of Defendant, Plaintiff has suffered damages as a result of the violation of state and federal constitutional rights and incurred and will continue to incur attorneys' fees.

**F.     CONSPIRACY**

61.     Plaintiff hereby incorporates by reference all the foregoing as if fully set forth herein.

62.    At all times mentioned herein, **Defendants, BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, DR. JESUS CHAVEZ, DR. RENE GUTIERREZ, DR. NEREIDA CANTU, EDDIE GARCIA, JESSICA GONZALEZ, DANIELA LOPEZ VALDEZ, DENISE GARZA, DRUE BROWN, PRISCI ROCA TIPTON, CARLOS ELIZONDO, and FRANK ORTIZ**, acted in concert, to effectuate the discriminatory actions taken against Plaintiff. Moreover, all Defendants worked to approve, authorize and legitimize the discriminatory, retaliatory and illegal actions taken against Plaintiff.

## VI.
## DAMAGES

63.    As a result of Defendants' actions and omissions, Plaintiff has been damaged within the jurisdictional limits of this Court.

64.    Plaintiff hereby incorporate by reference all the foregoing as if fully set forth herein.

65.    Plaintiff suffered, and continues to suffer, damages, both general and special, as a proximate result of Defendants' acts or omissions as they are described herein, including:

      (a)    economic damages;

      (b)    past and future lost wages;

      (c)    past and future lost benefits;

      (d)    loss of future earning capacity;

      (e)    actual damages;

      (f)    inconvenience;

      (g)    past and future pain and suffering;

      (h)    past and future mental anguish;

      (i)    loss of enjoyment of life;

      (j)    pre-judgment interest;

      (k)     post-judgment interest; and

      (l)     court costs.

66.    Plaintiff seeks any and all damages he may be entitled to by law or in equity.

67.    Pursuant to section 554.003(a)(1), Plaintiff is also entitled to recover reasonable attorney's fees as a result of having to commence this litigation.

## VII.
## CONDITIONS PRECEDENT

68.    Plaintiff notes that all conditions precedent have been performed or have occurred prior to filing suit in this matter.

## VIII.
## JURY DEMAND

69.    Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## PRAYER

WHEREFORE, PREMISES  CONSIDERED, Plaintiff, **MARY TOLMAN,** requests that **Defendants, BROWNSVILLE INDEPENDENT SCHOOL DISTRICT, DR. JESUS CHAVEZ, DR. RENE GUTIERREZ, DR. NEREIDA CANTU, EDDIE GARCIA, JESSICA GONZALEZ, DANIELA LOPEZ VALDEZ, DENISE GARZA, DRUE BROWN, PRISCI ROCA TIPTON, CARLOS ELIZONDO, and FRANK ORTIZ**, be cited to appear and answer herein as required by law and that upon a full trial, the Court find for Plaintiff and he be awarded all damages he may show himself entitled to, both at law and in equity, as well as any other relief to which Plaintiff shows himself to be justly entitled.

           Respectfully submitted,

           LAW OFFICE OF ROBERT GUERRA, PLLC.

           By: _/s/ Robert L. Guerra, Jr._____
                Robert L. Guerra, Jr.
                State Bar No. 24036694

1201 E. Van Buren St.
Brownsville, Texas 78520

2601 Morgan Ave.
Corpus Christi, Texas 78405

(956) 254-0694 (Telephone)
E-Mail: rguerra@rguerralaw.com
**Attorney for Plaintiff,**
**MARY TOLMAN**